UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STRIKE 3 HOLDINGS, LLC,

Plaintiff,

v.

JOHN DOE subscriber assigned IP address 107.197.77.235,

Defendant.

No.  2:20-cv-2126-TLN-CKD

ORDER

I.    **INTRODUCTION**

Plaintiff filed this matter on October 24, 2020, alleging that it holds the copyright on various adult films, and that defendant is infringing on those copyrights by anonymously downloading and distributing Strike 3's films to others, using the BitTorrent protocol.  (ECF No. 1.)  Plaintiff can only identify defendant by his or her IP address, through which defendant downloads and distributes the films.  (Id.)  To acquire the true name and address of defendant, plaintiff brings an ex parte application to engage in expedited discovery and serve a third-party subpoena, prior to a Rule 26(f) conference, on defendant's internet service provider ("ISP"), AT&T U-verse.  (ECF No. 5-1 at 7.)  Plaintiff argues that without the subpoena it will be unable to serve the complaint on defendant and will, therefore, be prevented from vindicating its copyright.  (Id. at 7.)

1  **II.     DISCUSSION**

2           A.     Federal Rules of Civil Procedure 26(d) and (f)

3           Rule 26(d) states that "[a] party may not seek discovery from any source before the parties

4  have conferred as required by Rule 26(f), except in a proceeding excepted from initial disclosure

5  under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."

6  Rule 26(f) contemplates a pre-discovery conference between the parties to facilitate the

7  development of a discovery plan that will control throughout the litigation.  Obviously, in the

8  absence of knowledge of the actual party being sued, no discovery conference can be held.  Thus,

9  plaintiff seeks relief from that requirement from the court.

10          Courts in the Ninth Circuit apply the "good cause" standard in deciding whether to permit

11 early discovery.  See Semitool, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 276

12 (N.D.Cal. 2002).  "Good cause exists 'where the need for expedited discovery, in consideration of

13 the administration of justice, outweighs the prejudice to the responding party.'"  Id.  Good cause

14 for expedited discovery has been found in cases involving claims of infringement and unfair

15 competition.  Id.  In infringement cases, expedited discovery is frequently limited to allowing

16 plaintiffs to identify Doe defendants.  See UMG Recordings, Inc. v. Doe, 2008 WL 4104207, at

17 *3 (N.D. Cal. Sept. 4, 2008).

18          B.     Standard for Determining Whether to Issue the Requested Subpoena

19          In Arista Records, LLC v. Doe 3, the Second Circuit articulated five principal factors to

20 consider when a defendant seeks to quash a subpoena in a situation like this:  (1) the concreteness

21 of plaintiff's showing of a prima facie claim of actionable harm; (2) the specificity of the

22 discovery requests; (3) the absence of alternative means to obtain the subpoenaed information; (4)

23 the need for subpoenaed information to advance the claim; and (5) defendant's expectation of

24 privacy.  604 F.3d 110, 119 (2nd Cir. 2010) (citing Sony Music Entm't Inc. v. Does 1-40, 326

25 F.Supp.2d 556, 564-65 (S.D.N.Y. 2004)).  While no defendant has appeared in this matter and

26 there is no pending motion to quash, the factors enunciated by the Second Circuit in Arista are

27 useful in determining whether to grant plaintiff's ex parte application.

28          Here, the first four factors weigh in plaintiff's favor:  (1) plaintiff has stated a prima facie

2

1   claim by providing a list of downloads of its copyrighted films that had been downloaded to the

2   subject IP address; (2) plaintiff specifically seeks to discover only the name and contact

3   information for the individual using that IP address; (3) plaintiff is unable to identify this

4   individual other than by subpoenaing the ISP; and (4) without identifying defendant, plaintiff will

5   be unable to proceed with the instant copyright action.  (See generally, ECF No. 5-1.)

6       At the same time, the last factor weighs against granting plaintiff's request, without

7   additional safe-guards.  To simply issue an order for expedited discovery as requested here, raises

8   a serious constitutional question of the IP address owner's reasonable expectation of privacy.

9           C.      The Need for Privacy Protection

10      As the United States Supreme Court made clear in Griswold v. Connecticut, "specific

11  guarantees in the Bill of Rights have penumbras formed by emanations from those guarantees that

12  give them life and substance." 381 U.S. 479, 485 (1965).  The Supreme Court found a right to

13  privacy emanating from several Amendments, notably the First, Third, Fourth, Fifth, and

14  Fourteenth.  Id.  Privacy can encompass fundamental and traditional activities such as marriage,

15  medical records, or more recently found rights such as commercial privacy.  Still, the right to

16  privacy is not absolute, and is balanced against other societal interests, especially in the litigation

17  context.  See Soto v. City of Concord, 162 F.R.D. 603, 618 (N.D. Cal. 1995).

18      Here, the limited privacy protection afforded under the Constitution must be considered

19  for the person who will be identified by the procedure of serving a subpoena on an ISP.  Indeed,

20  the assumption

21          that the person who pays for Internet access at a given location is the
22          same individual who allegedly downloaded a single sexually explicit
            film is tenuous, and one that has grown more so over time.  An IP
23          address provides only the location at which one of any number of
            computer devices may be deployed, much like a telephone number
24          can be used for any number of telephones. As one introductory guide
            states:

25              If you only connect one computer to the Internet, that
26              computer can use the address from your ISP.  Many homes
                today, though, use routers to share a single Internet
27              connection between multiple computers.  Wireless routers
                have become especially popular in recent years, avoiding the
28              need to run network cables between rooms.  If you use a
                router to share an Internet connection, the router gets the IP

                                    3

> address issued directly from the ISP.  Then, it creates and manages a subnet for all the computers connected to that router.

> Thus, it is no more likely that the subscriber to an IP address carried out a particular computer function—here the purported illegal downloading of a single pornographic film—than to say an individual who pays the telephone bill made a specific telephone call.

In re BitTorrent Adult Film Copyright Infringement Cases, 296 F.R.D. 80, 84 (E.D.N.Y. 2012).

As such, "[e]stablishing that the person identified by discovery is the person who infringed upon the copyright will likely require additional proofs beyond the fact that the individual is listed as the subscriber on the account from which the infringing activity originated." Manny Film LLC v. Doe Subscriber Assigned IP Address 50.166-88-98, 98 F.Supp.3d 693, 695 (D.N.J. 2015) (citing Malibu Media, LLC v. John Does 1-18, No. 12-7643(NLH/AMD), 2013 U.S. Dist. LEXIS 155911, at *8-9 (D.N.J. Mar. 22, 2013).

Finally, consideration must be given to the fact that this particular case—focused on the alleged theft of pornographic films—would have a different effect on an individual wrongly identified as a defendant than would a run-of-the-mill copyright infringement case.  Such a wrongly named defendant would likely feel exposed to embarrassment and reputational damage, even before he or she could engage counsel and litigate the issue of mistaken identity through a motion to quash.  Moreover, the possibility exists of being forced into a settlement to avoid the effects of such "exposure."  See In re BitTorrent, supra, 296 F.R.D. at 90.

## III.    CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff's Ex Parte Application for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (ECF No. 5) is GRANTED on the terms of this order.

2.      Plaintiff may engage in limited expedited discovery to establish the identity of the owner of the IP address identified in the complaint by serving a subpoena on the ISP provider of the subject IP address.

3.      The ISP shall be served with a subpoena seeking only the true name and address of the person or entity to whom the subject IP address is assigned.

4.      Once plaintiff has obtained the actual identity of the person or entity associated with the subject IP address, it shall serve a copy of this order on that person or entity.

5.      No formal service of process shall be permitted absent further order of this court.

6.      The parties—both plaintiff and the potential defendant—are hereby invited to attend an informal conference before the undersigned for the following purposes:

     a.      To set a schedule that will allow the defendant an opportunity to file a motion to quash the subpoena, if there are true and adequate grounds therefor; and

     b.      To establish procedures for service of process or waiver thereof.

7.      This informal conference may take place via telephone or Zoom.  The parties should contact the courtroom deputy, Judy Streeter, at jstreeter@caed.uscourts.gov to arrange an informal conference if they wish to schedule one.

8.      The parties are advised that attendance at such a conference is voluntary and will not itself constitute a waiver of service of the complaint, or result in a finding of "appearance" in the litigation, unless the potential defendant agrees to waive service, or the case is resolved and a settlement is placed on the record.

9.      <u>Not later than 45 days from the date of this order</u>, plaintiff shall file a status report indicating:

     a.      Whether service of this order has been effectuated as directed;

     b.      Whether defendant has agreed to attend an informal conference; and

     c.      If applicable, whether the parties seek a telephonic or in person conference.

     d.      The status report shall continue to identify the defendant by John or Jane Doe at the subject IP address.

10.      After receipt of the status report, the court will schedule an informal conference, if necessary.

11.      A decision by the person identified as the owner of the subject IP address not to attend an informal conference will lead to an order substituting the identified defendant by name, permitting ordinary service of process, and commencement of the litigation.

1      12.     <u>Plaintiff is cautioned that until permission is given by the court it is not to reveal</u>

2   <u>the identity of the defendant in or out of court</u>.

3      13.     Nothing in this order precludes plaintiff and defendant from reaching a settlement

4   without court participation before any informal conference is held or formal service of process is

5   effectuated.

6   Dated:  December 16, 2020

7                                                    _____
                                                     CAROLYN K. DELANEY
8                                                    UNITED STATES MAGISTRATE JUDGE

9

10   17.2126.expartedisc

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28